865 F.2d 260
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
NATIONAL LABOR RELATIONS BOARD, Petitioner,
v.
TECHNICOTE CORP., Respondent.
 No. 88-6128.
 United States Court of Appeals, Sixth Circuit.
 Dec. 22, 1988.
 ORDER
 
 1
 Before BOYCE F. MARTIN, Jr. and NATHANIEL R. JONES, Circuit Judges, and JOHN FEIKENS, Senior District Judge.*
 
 
 2
 This cause was submitted upon the application of the National Labor Relations Board for summary entry of a judgment against Respondent, Technicote Corp., Memphis, Tennessee, its officers, agents, successors, and assigns, enforcing its order dated July 29, 1988, in Case No. 26-CA-12508, and the Court having considered the same, it is hereby
 
 
 3
 ORDERED AND ADJUDGED by the Court that the Respondent, Technicote Corp., Memphis, Tennessee, its officers, agents, successors, and assigns, shall:
 
 1. Cease and desist from
 
 4
 (a) Refusing to bargain collectively with Oil, Chemical and Atomic Workers International Union and Local 3-307, about the effects of its decision to cease operation of its Memphis, Tennessee facility on the employees in the following appropriate unit:
 
 
 5
 All production and maintenance employees employed at the Respondent's facility in Memphis, Tennessee, excluding all office clerical employees, the part-time maid, the laboratory technician, guards and supervisors as defined in the Act.
 
 
 6
 (b) Failing and refusing to comply with the terms and conditions of the collective-bargaining agreement between the Respondent and the Union by failing and refusing to pay vacation benefits and severance pay benefits due to the unit employees under the collective-bargaining agreement.
 
 
 7
 (c) In any like or related manner interfering with, restraining, or coercing employees in the exercise of the rights guaranteed them by Section 7 of the Act.
 
 
 8
 2. Take the following affirmative action necessary to effectuate the policies of the Act.
 
 
 9
 (a) Bargain in good faith with the Union regarding the effects of the Respondent's decision to cease operation of its Memphis, Tennessee facility on the employees in the unit, and pay limited backpay in the manner set forth in the remedy section of the Board's Decision and Order, with interest.
 
 
 10
 (b) Make whole employees in the bargaining unit, including, but not limited to, Ernest Johnson, Lonnie Dickens, and James Parker, for any losses they may have suffered by reason of the failure and refusal to pay vacation benefits and severance pay benefits since January 29, 1988, as required by the collective-bargaining agreement between the Respondent and the Union, with interest.
 
 
 11
 (c) Mail a copy of the attached notice marked "Appendix" to the Union and to all unit employees who were employed at the Memphis, Tennessee facility as of the date the Respondent ceased operation of that facility. Copies of the notice, on forms provided by the Regional Director for Region 26, after being signed by the Respondent's authorized representative, shall be mailed by the Respondent upon receipt as above directed.
 
 
 12
 (d) Notify the said Regional Director, in writing, within 20 days from the date of this Judgment what steps the Respondent has taken to comply.
 
 APPENDIX
 NOTICE TO EMPLOYEES
 
 13
 POSTED PURSUANT TO A JUDGMENT OF THE UNITED STATES COURT OF
 
 
 14
 APPEALS ENFORCING AN ORDER OF THE NATIONAL LABOR
 
 RELATIONS BOARD
 An Agency of the United States Government
 
 15
 The National Labor Relations Board has found that we violated the National Labor Relations Act and has ordered us to post and abide by this notice.
 
 
 16
 WE WILL NOT refuse to bargain collectively with Oil, Chemical and Atomic Workers International Union and Local 3-307 about the effects of our decision to cease operation of our Memphis, Tennessee facility on the employees in the following appropriate unit:
 
 
 17
 All production and maintenance employees employed at the Respondent's facility in Memphis, Tennessee, excluding all office clerical employees, the part-time maid, the laboratory technician, guards and supervisors as defined in the Act.
 
 
 18
 WE WILL NOT fail or refuse to comply with the terms and conditions of our collective-bargaining agreement with the Union by failing and refusing to pay vacation benefits and severance pay benefits due to the unit employees.
 
 
 19
 WE WILL NOT in any like or related manner interfere with, restrain, or coerce you in the exercise of the rights guaranteed you by Section 7 of the Act.
 
 
 20
 WE WILL bargain in good faith with the Union regarding the effects of our ceasing operation of our Memphis, Tennessee facility on the employees in the unit, and WE WILL pay unit employees limited backpay as required by the National Labor Relations Board, with interest.
 
 
 21
 WE WILL make employees in the bargaining unit, including, but not limited to Ernest Johnson, Lonnie Dickens, and James Parker, whole for any losses they may have suffered by reason of our failure and refusal to pay vacation benefits and severance pay benefits since January 29, 1988, with interest.
 
 
 22
 TECHNICOTE CORP.
 
 
 23
 /s/ (Employer)
 
 Dated __________ By ____________________
 
 24
 (Representative) (Title)
 
 
 25
 This is an official notice and must not be defaced by anyone.
 
 
 26
 This notice must remain posted for 60 consecutive days from the date of posting and must not be altered, defaced, or covered by any other material. Any questions concerning this notice or compliance with its provisions may be directed to the Board's Office, P.O. Box 41559, Memphis, Tennessee 38174-1559, Telephone 901-521-2687.
 
 
 
 *
 The Honorable John Feikens, U.S. Senior District Judge for the Eastern District of Michigan, sitting by designation